## JAMES EAGAN, APPELLANT, *v.* JOHN J. TUCKER, RESPONDENT.

*Contractor — liability of, to workmen injured by the negligence of his foreman.*

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

The action was brought to recover damages for injuries alleged to have been occasioned by the negligence of the defendant, who was a builder, engaged in making alterations in the New York Orphan Asylum.

The work was done under the direction of one John Davis, the defendant's general foreman, who had full charge and supervision of the work, employed the plaintiff, made out the pay-rolls, and engaged and discharged the men. On the 13th day of October, 1873, when the plaintiff was injured, Davis directed him and the other laborers to dig under a pier, the upper part of which was supported at some distance from the ground by a wooden beam or needle passed through it horizontally and resting at each side upon upright beams. The earth under the pier was then excavated so

that the foundations might be sunk deeper. This left the portion of the pier below the needle without support from beneath, and dependent for support upon its own tenacity. While the plaintiff and the three others were engaged under Davis' direction, this lower portion fell, killing one of the laborers and maiming the plaintiff for life.

The plaintiff was opposite and in front of the pier. They had dug about three feet under it, when it fell toward him. He was stooping at the time and using a pick-axe. Nothing was said to him about the work being dangerous, and he did not appear to have known it to be so, and stated that he would not have remained if he had thought it was. It was also established on the trial that this mode of removing the pier was improper, careless and dangerous. When the plaintiff had proved these facts, with such others as had been established by the medical testimony, the defendant's counsel moved to dismiss the complaint on the ground that no negligence had been proved against the defendant, and also that the plaintiff contributed to the injury and accepted the risk of the dangerous employment. The motion was granted and the plaintiff duly excepted.

The court at General Term said : " It is quite evident from the testimony in this case, that Davis had full charge of the work and was the *alter ego* of the defendant. The plaintiff obeyed his orders, and while he was engaged, stooping, and unable to see what was passing above or on the other side of him, was injured by the pier falling upon his back. The question of contributory negligence, under the facts and circumstances disclosed, was one for the jury and not for the court.

" The negligence of the defendant had been established *prima facie* by the evidence to which reference has been made, and by which it was declared to be an improper, careless and dangerous way of doing the work which was undertaken. The defendant having employed Davis, the superintendent of the work, to act as his foreman, was liable for any negligence on his part resulting to the injury of the plaintiff. He was not a mere fellow servant, but occupied the place of a master, and was the *alter ego* of the defendant, as already suggested. He could not, by delegating his power, relieve himself from responsibility.

" It was the duty of the defendant to place over the plaintiff a competent person to construct the work, having the necessary skill and capacity to direct and guide the persons employed to carry out the details.

" The careless, unskillful and dangerous way in which Davis directed the work to be performed bears upon the question of his competence and capacity, and this, if it were not conclusive, was certainly some evidence on the subject whether the defendant had selected a proper person to superintend the work to be done. The existence of these various elements in the case rendered it the duty of the justice presiding at the circuit to submit the question to the jury for their consideration and determination. It was a case in which it did not appear as a question of law that the plaintiff was guilty of contributory negligence, or that the plaintiff, under the circumstances, did assume the risks understandingly and was therefore without remedy.

" We think that the dismissal of the complaint was error, and that the judgment should be reversed. The following cases sustain the propriety of this judgment : *Hofnagle* v. *N. Y. Cen. and H. R. R. R.* (5 N. Y., 608); *Corcoran* v. *Holbrook* (59 id., 517); *Morrison* v. *N. Y. C. and H. R. R. R. Co.* (63 id., 643)."

*Matthew Daly*, for the appellant. *Flanagan & Bright*, for the respondent.

Opinion by BRADY, P. J. DANIELS, J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment reversed, new trial ordered, costs to abide event.